**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-705

DOMAIN VAULT LLC,
            Plaintiff,
v.

LIONSHEAD SPECIALTY TIRE & WHEEL LLC,
            Defendant.

## COMPLAINT

## I. STATEMENT OF CLAIMS

1. Plaintiff Domain Vault LLC, ("Domain Vault"), is the registrant of the lawfully registered internet domain name "lionshead.com", which has been registered for almost two decades.

2. The term "lionshead" is a geographic location and generic term.

3. Defendant Lionshead Specialty Tire & Wheel, LLC, ("Lionshead Specialty Tire"), recently filed a trademark application for "Lionshead", and then filed a 'UDRP' complaint which falsely represented Domain Vault purportedly had "no rights or legitimate interests in respect to the domain name", that the "mark was merely registered in bad faith for cybersquatting

purposes", and that Lionshead Specialty Tire had provided "complete" information in its UDRP Complaint.

4. Lionshead Specialty Tire withheld from its UDRP complaint the critical fact that the domain name "LionsHead.com" was registered almost <u>two decades</u> prior to Lionshead Specialty Tire filing a recent trademark application for "Lionshead".

5. Lionshead Specialty Tire was aware that the domain name could not have been registered to dilute its purported trademark rights in the mark "Lionshead", since the domain name was registered years before Lionshead Specialty Tire filed for a trademark on the term "Lionshead".

6. Lionshead Specialty Tire's misrepresentations were material, and when Lionshead Specialty Tire made its misrepresentations, it did so knowingly.

7. Lionshead Specialty Tire similarly falsely certified in its October 2020 trademark application that "no other persons … have the right to use" the mark "LionsHead".[1]

8. Based on the misrepresentation of Lionshead Specialty Tire, Section 15 U.S.C. § 1114(2)(D)(ii) actions were taken, including the entry of an 'administrative order' to transfer the domain name "LionsHead.com" to it.

9. (While it is not necessary as to the domain name claims subject of this suit), because Lionshead Specialty Tire secured its trademark by fraud, the trademark should be cancelled.

---

[1] Lionshead Specialty Tire's trademark application was not for concurrent use.

## II.  STATUTORY BASIS OF CLAIMS

10.  15 U.S.C. § 1114(2)(D)(v) authorizes a domain name registrant to sue trademark owners for "reverse domain name hijacking" and to commence an action to declare that the domain name registration or use by the registrant is not unlawful under the Lanham Act.[2]

11.  In such an action, the federal court must give "no deference" to the administrative UDRP panelist.[3]  Rather, relief under Section 1114(2)(D)(v), hereby requested, turns on **a showing that the "plaintiff's registration or use of the domain name is not unlawful under the Lanham Act".**[4]

12.  The Plaintiff's registration or use of the domain name was not unlawful under the Lanham Act.

13.  The Plaintiff's domain name was registered more than a decade before the Defendant's trademark filing.

14.  The registration of a generic, descriptive term or geographic location as a domain name is (i) lawful *per se* under the Lanham Act and (ii) therefore establishes entitlement to relief under 15 U.S.C. § 1114(2)(D)(v).[5]

15.  The registration of the domain name was further lawful in this case because there was no bad faith intent in registration or use of the domain name.

---

[2] *E.g., Barcelona. Com v. Excelentisimo Ayuntamiento,* 330 F.3d 617, 625 (4th Cir. 2003).
[3] *Id.* at 626.
[4] *Id.*
[5] *Id.* at 629.

COMPLAINT                                                                                                         Page 3

16. Further, 15 U.S.C. § 1114(2)(D)(iv) prohibits overreaching in UDRP administrative proceedings and authorizes a domain name registrant to sue any person who has made a knowing and material misrepresentation that a domain name is identical to, confusingly similar to, or dilutive of a mark when a domain registration authority takes any Section 1114(2)(D)(ii) action based on the misrepresentation.

17. Lionshead Specialty Tire's withholding of the date of registration of Domain Vault, LLC's domain name, combined with Lionshead Specialty Tire's knowing misrepresentation that it had provided all of the relevant information, is especially egregious as Section 3.8.1 of the WIPO Overview of WIPO Panel Views on Selected UDRP Questions, Third Edition, ("WIPO Jurisprudential Overview"), directly addresses "[d]omain names registered before a complainant accrues trademark rights" and is explicit that "where a respondent registers a domain name before the complainant's trademark rights accrue, panels will not normally find bad faith on the part of the respondent." [6]

## III.  PARTIES, JURISDICTION & VENUE

18. PLAINTIFF Domain Vault LLC is a Virginia limited liability company which suffered damages, including but not limited to costs and attorneys fees, as a result of the actions of the defendant described above.

---

[6] The exceptions are set out in Section 3.8.2 of the WIPO Jurisprudential Overview and apply to cases where a domain name is registered: " (i) shortly before or after announcement of a corporate merger, (ii) further to the respondent's insider knowledge (e.g., a former employee), (iii) further to significant media attention (e.g., in connection with a product launch or prominent event), or (iv) following the complainant's filing of a trademark application."

19. DEFENDANT Lionshead Specialty Tire & Wheel, LLC is an Indiana limited liability company and the purported owner of a mark alleged in the UDRP administrative proceedings to have been diluted, and agreed to submit to the jurisdiction of the courts of this District in filing its UDRP complaint.

20. The Court has jurisdiction over the lawsuit because this is a civil action arising out of laws of the United States, to wit, 15 U.S.C. § 1114 (2)(D)(iv) and (v).

21. Venue is proper in this district, because (i) this district is the location of the principal office of the concerned registrar, "Name.com", and (ii) the Defendant expressly agreed to submit to the jurisdiction of the courts of this District in filing its UDRP complaint.

## IV.  CONDITIONS PRECEDENT

22. All conditions precedent have been performed or have occurred.

## V.  DEMAND FOR JURY TRIAL

24. Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a jury trial.

## VI. CONCLUSION & PRAYER

25. Because registration of the domain name was not unlawful, 15 U.S.C. § 1114(2)(D)(iv) provides for the issuance of an order by this Honorable Court enjoining the carrying out of the administrative transfer order.

26. Further, because a basis for the administrative 'UDRP' transfer order and subsequent Section 1114(2)(D)(ii) actions was the defendant's knowing and material misrepresentations relating to dilution, pursuant to § 1114(2)(D)(v) the defendant is liable for the costs and attorneys' fees incurred in bringing this lawsuit.

27. Further, while it is not an element of or condition to the UDRP claims, the Defendant secured its trademark through fraud, and its trademark (a generic term and geographic location) should be cancelled pursuant to 15 U.S.C. § 1119.

Based on the foregoing, Domain Vault LLC prays the defendant be summoned to appear and answer, and upon final trial that it recover its damages from the defendant and further, for the following legal and equitable relief:

1. An order pursuant to 15 U.S.C 1114(2)(D)(v) establishing that Plaintiff's registration of the domain name is not unlawful under the Lanham Act and enjoining the implementation of the UDRP transfer order as to lionshead.com, and ordering the registrar lock removed from the domain name;

2. Relief pursuant to 15 U.S.C 1114(2)(D)(iv), including recovery for damages, costs and attorney's fees; and, the entry of an injunction ordering that the domain name be and remain registered to the Plaintiff;

3. The taxing of all costs against the Defendant;

4. The entry of a finding that the Defendant's conduct was substantively unreasonable and constitutes an exceptional case, and upon such finding award the Plaintiff's attorney's fees against the Defendant pursuant to 15 U.S.C. § 1117(a); and

5. Such other and further relief as Plaintiff may be shown justly entitled.

Respectfully submitted,

/s/ Gary N. Schepps

Gary N. Schepps
**SCHEPPS LAW OFFICES**
Drawer 670804
Dallas, TX 75367
(972) 200-0000 - Telephone
Email:  legal@schepps.net

FOR Plaintiff DOMAIN VAULT, LLC